UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


EVA NEWBOLD,

                Plaintiff,                      CIVIL ACTION NO. 06-10334

          v.                           DISTRICT JUDGE AVERN COHN

JO ANNE B. BARNHART,            MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION

### I.  Introduction

       This Social Security case comes before the court on the parties' cross-motions for summary judgment.  For the reasons stated herein, the court recommends that plaintiff's motion be **GRANTED**, that the Commissioner's motion be **DENIED**, and that this matter be **REMANDED** for further proceedings.

### II.  Background

       On October 23, 2002, plaintiff filed an application for Social Security Disability Insurance Benefits (DIB), claiming that she was disabled due to bi-lateral carpal tunnel syndrome, with an onset date of April 23, 2002.  Tr. 46-49.  Plaintiff was 47 years of age when

-1-

she filed the application.  She has a high school education, with a work history including employment as welder and an auto assembler.

The Social Security Administration (SSA) denied plaintiff's claim on January 27, 2003. Tr. 32-37.  Plaintiff then requested a hearing before an administrative law judge (ALJ).  Tr. 38. The hearing was held on November 16, 2004, before ALJ John A. Ransom. Tr. 205-19. Plaintiff, represented by counsel, appeared and testified at the hearing.  The ALJ also took testimony from a vocational expert (VE).

On January 24, 2005, the ALJ issued a decision denying plaintiff's claim.  Tr. 15-23. The ALJ determined that plaintiff suffered from bilateral hand pain, DeQuervain's syndrome, carpal tunnel syndrome, shoulder pain, neck pain, and elbow pain, and that her impairments were "severe" within the meaning of 20 C.F.R. § 404.1520(a)(4)(ii), but that they did not meet or equal any impairment listed in Subpart P, Appendix 1 of the Social Security Regulations.  The ALJ further concluded that plaintiff's impairments prevented her from performing her past work, but that she retained the capacity to perform a range of light work and that there were significant number of light jobs in the regional economy that plaintiff could perform.  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.

Following the ALJ's denial of her claim, plaintiff filed a request for review of the decision with the SSA's Appeals Council.  Tr. 11-14.  The Appeals Council denied the request on December 28, 2005.  Tr. 5-7.  The ALJ's decision thus became the final decision of the Commissioner.

On January 25, 2006, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  As noted above, the parties have filed cross-motions for summary judgment.  Plaintiff contends that the ALJ's decision is not supported by substantial evidence.  The Commissioner contends, to the contrary, that the decision is supported by substantial evidence and must therefore be affirmed.

**III.  Legal Standards**

**A.  RFC Determination**

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).  The claimant bears of the burden of proving that he is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims.  See 20 C.F.R. § 404.1520.  As discussed in Foster, Id. at 354 (citations omitted), this process consists of the following:

The claimant must first show that she is not engaged in substantial gainful activity.  Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment." If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.

## B.  Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997).  "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Brainard, 889 F.3d at 681.  Further, "the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would

-4-

have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273. A reviewing court may not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. Smith v. Halter, 307 F.3d 377, 379 (6th Cir. 2001).

**IV.  Analysis**

The ALJ rendered findings favorable to plaintiff at the first two steps of the disability determination process.  At step three, the ALJ concluded that plaintiff's impairments did not meet or equal a listed impairment.  Plaintiff raises no objections to the ALJ's step three determination.  At step four, the ALJ determined that plaintiff had the RFC  "to perform light work with the following limitations: she is unable to perform work that involves repetitive pushing or pulling, gripping or grasping.  She cannot use air or vibrating tools and cannot perform work that requires repetitive fine dexterity.  She also cannot perform overhead work." Tr. 22.  The ALJ concluded that the limitations included in the RFC determination precluded plaintiff from performing her past relevant work.  The burden thus shifted to the Commissioner to demonstrate that plaintiff was capable of performing other work that existed in significant numbers in the national economy.

At step five, the ALJ determined that plaintiff could perform such other work and, therefore, that she was not disabled.  The ALJ relied upon the testimony of the VE in reaching this conclusion, as indicated in the following passage from the ALJ's opinion:

> The administrative law judge asked the vocational expert to
> assume an individual of the claimant's age, education, and past
> relevant work with the residual functional capacity described

-5-

> above. [The vocational expert] testified that the hypothetical
> individual would be able to perform the following jobs existing in
> the regional economy in the numbers indicated: cashier, 62,000
> jobs; inspector, 13,000 jobs; information clerk, 1,800 jobs; and
> kitchen worker.  The vocational expert confirmed that his
> testimony with respect to these jobs is consistent with information
> provided in the *Dictionary of Occupational Titles*.
> ...
> Although the claimant's additional limitations do not allow her to
> perform the full range of light work, there are a significant number
> of jobs in the regional and national economy that the claimant can
> perform.  Examples of such jobs are cashier, inspector, information
> clerk, and kitchen worker.  Vocational expert testimony establishes
> that these jobs exist in significant numbers in the regional and
> national economy.

Tr. 21-22.

The Sixth Circuit has held that "[s]ubstantial evidence may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question, but only 'if the question accurately portrays [plaintiff's] individual physical and mental impairments."  Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 (6th Cir. 1987)(quoting Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984)).  Plaintiff contends that the hypothetical did not accurately portray her physical impairments and, therefore, that the testimony of the VE does not constitute the substantial evidence necessary to affirm the ALJ's decision.  For the reasons discussed below, the court agrees, though for a slightly different reason than that offered by plaintiff.

Again, the ALJ determined that plaintiff could not perform any jobs that required repetitive gripping, grasping, or fine manipulation.  At the hearing, the ALJ conveyed these limitations to the VE through the use of a hypothetical question.  The VE testified that a person

-6-

with plaintiff's RFC was capable of working as a cashier, an inspector, an information clerk, and

a kitchen worker.  On cross-examination, plaintiff's counsel posed the following question to the

VE:

> **Counsel**: Mr. Shaner, what is the category for the use of the hands,
> gross fine manipulation of these jobs, like to handle things, feels, is
> it occasional, frequent?
>
> **VE**: I believe in all cases it would be frequent.  I can look that up
> real quick.  Hard to read.  That would be frequent for inspectors,
> frequent for cashier, frequent for information clerk, yeah, and
> frequent for kitchen worker as I suspected.

Tr. 216-17.  Thus, according to the VE, all of the jobs he identified as falling within plaintiff's

RFC would require frequent use of the hands for both fine and gross manipulation.

While the ALJ did not expressly conclude that plaintiff could use her hands frequently in

a work setting, his determination that plaintiff is not disabled, which is based on the VE's

testimony, necessarily includes a finding that plaintiff could use her hands frequently because the

VE testified that all of the cited jobs required such use of the hands.  The ALJ's tacit

determination that plaintiff could frequently use her hands is not supported by substantial

evidence.  It is difficult to reconcile a finding that plaintiff could not use her hands to perform

repetitive tasks, but that she could use her hands frequently to manipulate and handle objects.

The ALJ provided no explanation for this apparent discrepancy.  The Sixth Circuit has

repeatedly recognized that an ALJ must provide specific reasons for the findings and conclusions

he reaches and that specific articulation is not merely helpful to a reviewing court, but is

"absolutely essential for meaningful judicial review."  Hurst v. Secretary of Health and Human

Services, 753 F.2d 517, 519 (6th Cir. 1985)(quoting Zblewski v. Schweiker, 732 F.2d 75, 78 (7th

Cir. 1984)); see also Bailey v. Commissioner of Social Security, 173 F.3d 428, 1999 WL 96920

(6th Cir.(Ohio)).  Further, Social Security Ruling (SSR) 82-62, 1982 WL 31386, at *4 (S.S.A.), provides that "[t]he rationale for a disability decision must be written so that a clear picture of the case can be obtained.  The rationale must follow an orderly pattern and show clearly how specific evidence leads to a conclusion."  The ALJ "must describe the weight attributed to the pertinent medical and nonmedical factors in the case and reconcile any significant inconsistencies."  Id. The ALJ clearly failed to discharge his obligation to explain the basis for his facially contradictory determination that plaintiff could perform no jobs that required repetitive gripping, grasping, or fine manipulation, but that she could nonetheless perform jobs that required frequent use of the hands for fine and gross manipulation.

Further, even if there is some substantive difference between "repetitive" and "frequent" use of the hands, it would be difficult on the present record to reasonably conclude that plaintiff is capable of making frequent use of her hands in a work setting.  Plaintiff has had multiple bi-lateral surgeries for carpal tunnel syndrome and De Quervain's syndrome.[1]  She has consistently complained to her treating physicians of hand pain, numbness, loss of strength, and other symptoms related to those conditions, and there is evidence in the record that physical therapy, splints, activity restrictions, and surgery have not substantially relieved her symptoms.  (Tr. 99-100, 103-05, 108-17, 121, 131-37, 156).  Further, the "single decision maker," whose opinion the ALJ appears to have given great weight in assessing plaintiff's RFC, opined that plaintiff could not engage in activities requiring repetitive fine manipulation.  Consistent with the complaints

---

[1]The record is not altogether clear as to how many surgeries plaintiff has undergone.  It appears that she had bi-lateral carpal tunnel release surgery in 1986, another carpal tunnel release surgery on her right wrist in 2003, and surgery on her right wrist to relieve her De Quervain's syndrome symptoms in 2002.  However, plaintiff testified that she underwent three surgeries on each hand.  Tr. 211-12.

-8-

she made to her physicians, plaintiff testified that she experienced pain and numbness in her arms, that the surgeries did not relieve her symptoms, and that her ability to use her hands was extremely limited.  Tr. 205-15.[2]  Thus, there is little doubt that plaintiff's bi-lateral carpal tunnel syndrome and De Quervain's syndrome result in significant pain and functional limitations that would make any job involving frequent use of the hands difficult for her to perform.

Based on the ALJ's failure to adequately articulate the basis for his determination that plaintiff could frequently use her hands in the work setting and the evidence in the record to the contrary, the court concludes that the ALJ's disability determination cannot be sustained and that this matter must be remanded for further proceedings.  On remand, the ALJ must re-assess plaintiff's manipulative limitations, provide an explanation as to the determination reached, and obtain additional testimony from a VE as to whether there is work that plaintiff might be capable of performing.  The ALJ also must address additional errors.  The ALJ concluded that plaintiff could perform light work, which generally requires lifting of up to 20 pounds.  No explanation was offered for this determination, and it appears to be contrary to the weight of the evidence in the record.  The ALJ must determine how much weight plaintiff can lift, provide an explanation for that determination, and convey the limitation to the VE in a properly formed hypothetical. In addition, as noted above in footnote 2, the ALJ made no effort to assess plaintiff's credibility. The ALJ must re-assess plaintiff's credibility and provide an explanation for the determination reached in accordance with the requirements of the SSR 96-7p.

---

[2]The ALJ determined that plaintiff's allegations regarding her symptoms were not fully credible, but, contrary to the requirements of Social Security Ruling (SSR) 96-7p, he offered no reasoned explanation for that credibility determination. See SSR 96-7p, 1996 WL 374186 at * 4 (S.S.A.)("The reasons for the credibility finding must be grounded in the evidence and articulated in the determination or decision.").

**V.  Conclusion**

For the reasons stated above, the court recommends that plaintiff's motion for summary judgment be **GRANTED**, that the Commissioner's motion for summary judgment be **DENIED**, and that the matter be **REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this Report and Recommendation.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length

-10-

unless, by motion and order, the page limit is extended by the court.  The response shall address

each issue contained within the objections specifically and in the same order raised.


S/Virginia M. Morgan
United States Magistrate Judge


Dated:  January 18, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's
ECF System and/or U. S. Mail on January 18, 2007.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan

-11-